UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THI MY CHAU TRAN (A 226-127-895),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | No.  1:26-cv-05273-DAD-CKD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Thi My Chau Tran is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an opposition to the petition. (ECF No. 6.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1). For the following reasons, the undersigned recommends the petition be granted and petitioner be immediately released from custody.

**I.      Background**

Under the petition's allegations, which are not disputed by respondents, petitioner is a native and citizen of Vietnam who entered the United States on August 20, 2024, at or near Tecate, California. (ECF No. 1 at 2.) She was processed for release by ICE and provided an order of release on recognizance on August 22, 2024. (Id.) Petitioner was placed in the Voluntary ISAP Electronic Monitoring Program. (Id.) Petitioner has a pending asylum application and was

1

granted employment authorization by USCIS on October 17, 2025. (Id.)

Although petitioner complied with all requirements of her release, she was re-detained on or about June 27, 2026, after being instructed by the ISAP Monitoring Program to report in person. (ECF No. 1 at 2.) Petitioner alleges—and respondent does not dispute—there had been no material change in circumstances at the time she was re-detained. (Id.)

Petitioner filed the pending petition on July 9, 2026, asserting violations of her Fifth Amendment procedural and substantive due process rights and violation of the Immigration and Nationality Act. (ECF No. 1 at 7-12.) The petition requests petitioner's immediate release from custody and attorney's fees under the Equal Access to Justice Act (EAJA). (ECF No. 1 at 12-13.)

Respondent opposes the petition, stating that because petitioner entered the United States illegally, she is an "applicant for admission" subject to mandatory immigration detention under 8 U.S.C. § 1225(b). (ECF No. 6 at 2.) Respondent further asserts petitioner does not possess the right to freedom from immigration detention in any form other than the form provided by Congress. (Id.)

## II.     Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    Discussion

Immigration officials previously released petitioner into the interior of the United States in 2024, and she was living in her community for a significant period of time prior to being re-detained or about June 27, 2026, without any material change in circumstances, and without any individualized hearing or consideration for release on bond. Respondent does not assert petitioner failed to comply with any conditions of release or committed any crimes. Respondent also does not proffer any facts suggesting petitioner is a danger to the public or a flight risk. Based on the

circumstance of petitioner being previously released into the United States where she resided in the community for a significant period of time before being re-detained, petitioner has a due process liberty interest in her continued release regardless of the applicable detention scheme. See Enriquez Escarcega, Petitioner, v. Warden of the Golden State Annex Faciity, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026); Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. U.S., 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even [non-citizens] shall not ... be deprived of life, liberty, or property without due process of law.").

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Having determined petitioner has a protected liberty interest in her continued release having been released into the interior of the United States by immigration officials previously, the court determines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Considering the first Mathews factor, petitioner has a significant private interest in remaining free from detention. "Freedom from imprisonment—from government custody,

3

detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner's prior release into the interior of the United States and time spent living freely in her community for a significant period of time creates a powerful private interest in her continued liberty. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). This factor favors granting the petition.

The second Mathews factor also weighs in petitioner's favor. See A.E. v. Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Civil immigration detention is "nonpunitive in purpose and effect" and is justified when a noncitizen presents as a danger to the community or risk of flight. Zadvydas, 533 U.S. at 690; Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, there is no indication petitioner presents a danger to the community or a risk of flight, and she has been detained without receiving an individualized hearing before an immigration judge where those factors could be evaluated. "[T]he probable value of additional procedural safeguards" is high. A.E., 2025 WL 1424382, at *5.

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws but the government's interest in re-detaining petitioner without any procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094. Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors strongly favor petitioner and show due process required that she be provided an individualized hearing prior to her re-detention. "[A] pre-deprivation hearing [was] required to satisfy due process." Guillermo M. R. v. Kaiser, 71 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). Respondents point to no reasons why a pre-deprivation hearing could not be held and provide no evidence warranting petitioner's detention without an individualized

hearing.

Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated and order her immediate release from custody. The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Because resolution in this manner would provide the full scope of requested relief for petitioner, the court need not separately analyze all claims presented in the petition.

**IV.    Recommendation**

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. The court grant petitioner's (A 226-127-895) application for a writ of habeas corpus under 28 U.S.C. § 2241.

2. Respondents be ordered to RELEASE petitioner IMMEDIATELY under the same conditions she was subject to immediately prior to her detention on or about June 27, 2026.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide 7 days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

4. Petitioner's request for attorneys' fees be denied without prejudice to renewal in a properly and supported motion.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served within five (5) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 17, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 tran5273.mer

6